906 F.2d 1386
 Milton A. GILLES, Plaintiff-Appellant,
v.
UNITED STATES of America, and Karen Friday, M.D., and Dwight
Reynolds, M.D., individually and as employees, servants and
agents of the Veterans Administration Hospital, enterprise,
an agency of the United States Government, Defendants-Appellees.
 No. 86-2749.
 United States Court of Appeals,
Tenth Circuit.
 June 22, 1990.
 
 Stan Twardy, Oklahoma City, Oklahoma, for plaintiff-appellant.
 Eleanor Joyce Darden Thompson, Asst. U.S. Atty., Oklahoma City, Okl. (William S. Price, U.S. Atty., Oklahoma City, Okl., was with her on the brief), for defendants-appellees.
 Before HOLLOWAY, Chief Judge, and SETH, McKAY, LOGAN, SEYMOUR, MOORE, ANDERSON, TACHA, BALDOCK, BRORBY, and EBEL, Circuit Judges.
 HOLLOWAY, Chief Judge.
 
 
 1
 Invoking the Federal Tort Claims Act, the plaintiff Milton A. Gilles alleged that physicians at the Veterans Administration (VA) Hospital in Oklahoma City committed medical malpractice and caused him to sustain personal injuries. The alleged wrongful acts occurred between an initial hospital visit on September 21, 1981, and Gilles' discharge from the hospital in 1985.
 
 
 2
 The trial judge's order, I R. Item 21, held that the original complaint had been rendered a nullity because the First Amended Complaint made no reference to the original complaint. The proper subject of the proceedings was held to be the First Amended Complaint and no cause had been shown why timely service of it had not been made on the United States pursuant to Rule 4(j) Fed.R.Civ.P., and thus the case was dismissed as to the Government. The order stated further that the court lacked jurisdiction as to the claims asserted against the VA by virtue of the provisions of 38 U.S.C. Sec. 2679 [sic][1] and lacked jurisdiction as to the two doctors due to the provisions of 38 U.S.C. Sec. 4116.
 
 
 3
 A divided panel of this court affirmed in an unpublished order and judgment. We granted rehearing en banc and vacated the panel order. En banc reconsideration has been on the briefs and record only since the facts and legal argument are adequately presented therein and the decisional process would not be aided significantly by oral argument. See Fed.R.App.P. 34(a)(3); 10th Cir.R. 34.1.8, 34.1.9. We affirm in part, reverse in part, and remand.
 
 
 4
 * Gilles filed his original complaint on February 14, 1986, naming the United States of America (Government) as the only defendant, which commenced the action. Rule 3, Fed.R.Civ.P. The complaint was timely filed within the six-month period following the August 23, 1985, administrative denial of the tort claim and thus in compliance with 28 U.S.C. Sec. 2401(b) of the Federal Tort Claims Act (FTCA). Service was properly made via certified mail on the Attorney General on February 19, 1986. This same postal service was used to serve the United States Attorney in Oklahoma City, but was not proper because Rule 4(d)(4), Fed.R.Civ.P., requires "delivering" the summons and complaint to the United States Attorney. In response, the U.S. Attorney's Office wrote counsel for Gilles on February 27, 1986, informing him that the service on the United States Attorney was defective. Brief of Appellees at 13.
 
 
 5
 Before the Government answered Gilles filed a First Amended Complaint on May 15, 1986. Since the Government had not filed any responsive pleading, the amendment was proper "as a matter of course" under Rule 15(a), Fed.R.Civ.P. The amended complaint retained the United States as a defendant, but Gilles added as defendants the VA and the two physicians, Dr. Friday and Dr. Reynolds, individually and as employees, servants, and agents of the VA Hospital.
 
 
 6
 Service of the amended complaint was properly made on the United States Attorney within 94 days (May 19) after the filing of the original complaint, and within 98 days (May 23) on the Attorney General. This was all within the 120-day period allowed by Rule 4(j), Fed.R.Civ.P. In the hearing on the Government's motion to dismiss, the Assistant U.S. Attorney stated that "Service was properly perfected of the Amended Complaint in late May." II R. at 2. On July 23 the Government filed a motion for additional time to plead or answer, which the district court granted on July 29. The Government moved to dismiss on August 19, 1986.
 
 
 7
 After a hearing the district court granted the Government's motion to dismiss. The court dismissed on different bases as to different defendants. The VA was dismissed as an improperly named defendant as FTCA claims based on services rendered by the VA must be pursued against the Government as the named defendant. 28 U.S.C. Sec. 2679(a). II R. at 12-13. The court found that the case should be dismissed as to the two physicians because of immunity provided by 38 U.S.C. Sec. 4116. Id. Gilles requested leave to amend his complaint to state that the two physicians were independent contractors, rather than employees of the VA. The district judge did not expressly deny such leave, though he stated that "it's too late to talk about after-knowledge of independent contractor status." Id.[2]
 
 
 8
 The district judge found that the original complaint had not been served on the U.S. Attorney in accordance with the requirements of Rule 4(d)(4), Fed.R.Civ.P. I R. Item 21, District Court Order at 2. He referred to the May 15, 1986, filing of the First Amended Complaint and said it added parties but "made no reference to the original Complaint." Order at 2. He concluded that the "original Complaint then was rendered a nullity." Order at 2. Accordingly, the Order said the proper subject of the proceedings on the motion to dismiss was the First Amended Complaint, of which service had been perfected on the United States. Id. The Order stated that the court should dismiss pursuant to Rule 4(j), Fed.R.Civ.P., "no cause having been shown why timely service was not perfected on the United States of America." Order at 2. The court held that as to the Government, it lacked jurisdiction because the action had not been brought and service perfected within the six-month period after the administrative denial of the claim as required by 28 U.S.C. Sec. 2401(b); that it lacked jurisdiction of the "VA due to the provisions of 28 U.S.C. Sec. 2679, and as to the two doctors by reason of 38 U.S.C. Sec. 4116."
 
 
 9
 On appeal a panel affirmed, one judge dissenting. Rehearing en banc on the briefs was granted.
 
 II
 
 10
 First, we consider the question raised by the district judge's ruling as to whether this suit was timely commenced under the requirements of the FTCA as to the United States. The statute provides that a tort claim against the United States shall be forever barred unless, inter alia, action is begun within six months after the date of mailing of notice of final denial of the claim by the agency to which it was presented. 28 U.S.C. Sec. 2401(b).
 
 
 11
 The facts on this point are undisputed. The letter of final denial of the claim of plaintiff Gilles by the Veterans Administration was dated August 23, 1985. I R. Item 1, Complaint, Ex. A. The original complaint of plaintiff under the FTCA against the Government was filed February 14, 1986. This filing of the complaint commenced the civil action under the provisions of Rule 3, Fed.R.Civ.P. See Isaacks v. Jeffers, 144 F.2d 26, 28 (10th Cir.), cert. denied, 323 U.S. 781, 65 S.Ct. 270, 89 L.Ed. 624 (1944). Accordingly, the action was timely begun as an FTCA suit within the requirements of 28 U.S.C. Sec. 2401(b).
 
 
 12
 The order of dismissal holds that the action was dismissed "due to plaintiff's failure to bring the action and perfect service thereupon" within the six-month period as required by 28 U.S.C. Sec. 2401(b). Thus we also consider the further point whether service was timely perfected.
 
 
 13
 It has been noted that "[p]rior to the 1983 amendments, Rule 4 [Fed.R.Civ.P.] did not make any specific provision for a time period within which service was to be accomplished. Where there was unreasonable delay in serving process, however, the action was subject to dismissal under Rule 41(b) for failure to prosecute." 2 MOORE'S FEDERAL PRACTICE p 4.46, p. 4-432. This was the type of rule applied in Isaacks, 144 F.2d at 28, where the court stated that the "conduct of a plaintiff subsequent to the filing of a complaint might be such as would constitute an abandonment of the action." However, with the 1983 amendments, the "Time Limit for Service" of process was spelled out by the proviso that "[i]f a service of summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant...." Rule 4, Fed.R.Civ.P.
 
 
 14
 Here again the facts are not in dispute. As noted, within 94 days after filing of the original complaint the United States Attorney was properly served and within 98 days the Attorney General was properly served,[3] this however being service of the First Amended Complaint. It was because of this service of the amended complaint that the district judge held service defective and dismissed.
 
 
 15
 We must disagree with that reasoning and the dismissal based on it. We are not persuaded that the filing on May 15, 1986, of the First Amended Complaint rendered the original complaint "a nullity" in the sense of destroying the timely commencement of the action accomplished by filing of the original complaint. If the amended complaint had stated a distinctly new claim based on different facts, we would have a different case. It is true that a "pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified." 6 WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE, CIVIL 2d Sec. 1476, p. 556. However, the Treatise significantly notes further: "But the date on which the original pleading was filed continues to be relevant if the amended pleading relates back under Rule 15(c) ..." Id. at 559. (Emphasis added; footnote omitted.) We are convinced that the amendment here comes within the provision for relation back in Rule 15(c), Fed.R.Civ.P., and that the commencement of suit effected by the filing of the original complaint was not destroyed by filing of the amended complaint.
 
 
 16
 Rule 15(c), Fed.R.Civ.P., provides that: "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." The record here shows that the amended complaint came clearly within this general provision for relation back to the date of the original complaint--which was within the six-month time limit after administrative denial of the tort claim for commencement of the action in accordance with 28 U.S.C. Sec. 2401(b). Here both the original and amended complaints contain almost identical portions entitled "Gravamen Of Complaint," averring that the United States, through its agents and employees, negligently treated plaintiff Gilles with resulting irreparable damage to his health so that his heart condition became inoperable and his life expectancy has been considerably diminished. See I R. Item 1 at 2-3; I R. Item 3 at 3. The two complaints are grounded on the same nucleus of operative facts,[4] and thus, within the meaning of Rule 15(c), the claim asserted in the amended complaint arose out of the same "conduct, transaction, or occurrence ..." This being the case, Rule 15(c) provides that the amendment "relates back to the date of the original pleading." Hence the amended complaint did not destroy or abandon the timely commencement of the action, but related back and preserved it.
 
 
 17
 Thus the relation back of the amended complaint to the date of the original complaint preserved the timeliness of commencement of suit. While the amended pleading and its averments became the controlling substantive statement of the claim against the Government thereafter, see Fritz v. Standard Security Life Ins. Co. of New York, 676 F.2d 1356, 1358 (11th Cir.1982), the service made in May 1986 of the amended complaint was proper and there was no procedural defect because the original complaint was not served again on the Government. In fact, where an amended pleading supersedes the original complaint, "subsequent service of the superseded prior or original pleading is improper ..." 3 MOORE'S FEDERAL PRACTICE, p 15.08 at p. 15-95 (citing Phillips v. Murchison, 194 F.Supp. 620 (S.D.N.Y.1961)).
 
 
 18
 Rule 15(a) further carries particular requirements as to timeliness of notice of institution of suit where there is a change in the amended complaint as to the party against whom the claim is asserted in order for relation back to occur. See Schiavone v. Fortune, 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986). Here the United States was named as a defendant in both the original and amended complaints. But in any event, the Government had such notice of the institution of the suit by the filing on February 14, 1986, of the original complaint. That complaint arose out of the same conduct, transaction, or occurrence as did the amended complaint. Further the original complaint was delivered by mail to the United States Attorney, with certified mail delivery on him on February 18, 1986, shown of record. I R. Docket Sheet at 2. Similarly, mailing of the original complaint to the Attorney General is shown of record, with delivery date of February 19, 1986. Id. Since the requirement of Rule 15(c) that the amended pleading and original pleading arise out of the same conduct, transaction, or occurrence was satisfied, under the concluding provisions of Rule 15(c), "the delivery or mailing of process to the United States Attorney, or the United States Attorney's designee, or the Attorney General of the United States...." satisfied the remaining requirements as to notice. For such purposes of notice under Rule 15(c), "it is notice and not service that Rule 15(c) requires. Schiavone, 106 S.Ct. at 2385 ('The linchpin is notice, and notice within the limitations period.')." Montgomery v. U.S. Postal Service, 867 F.2d 900, 903 (5th Cir.1989). In light of such compliance with the terms of Rule 15(c), relation back "flows as a consequence of the application of the Rule." Anderson v. Deere & Co., 852 F.2d 1244, 1248 (10th Cir.1988).
 
 
 19
 In sum, the action was timely commenced with filing of the original complaint; the Government had timely notice of the suit; the amended complaint was properly filed as a matter of right and arose out of the same conduct, transaction or occurrence as the original pleading; service was properly perfected, within the 120-day time requirement of Rule 4(j), of the amended complaint; and that complaint related back to date of the commencement of suit by the filing of the original complaint. Hence the dismissal of the case as to the Government must be reversed.
 
 III
 
 20
 The dismissal of the action as to the Veterans Administration was not in error. The Veterans Administration itself is not suable. 28 U.S.C. Sec. 2679(a).
 
 
 21
 As to the two doctors, they were added as defendants by the First Amended Complaint filed in May 1986. In that amended complaint, Gilles alleged that the doctors were employees, servants and agents of the VA Hospital. At the hearing on the Government's motion to dismiss the plaintiff's attorney orally requested leave to amend to allege that the two physicians were independent contractors, II R. 6, and referred to depositions apparently to be taken in which this matter would be covered. The district judge did not state any express ruling on the motion. We find no justification in this record for not granting leave to amend in this respect. This was still before the Government answered and under the general rule, such leave should be freely given. Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); Polin v. Dun & Bradstreet, Inc., 511 F.2d 875, 877 (10th Cir.1975). Accordingly, we reverse the dismissal as to the two doctors and remand to permit reconsideration of the motion to amend after discovery develops the facts and when the possibility of a claim against the doctors as independent contractors may be evaluated.
 
 IV
 
 22
 In sum, the dismissal as to the Veterans Administration is AFFIRMED. As to the United States and as to Doctor Friday and Doctor Reynolds, the dismissal is REVERSED and the case is REMANDED for further proceedings in accordance with this opinion.
 
 
 23
 IT IS SO ORDERED.
 
 
 24
 SETH, Circuit Judge, with whom ANDERSON and BRORBY, Circuit Judges, join, dissenting:
 
 
 25
 I must respectfully dissent from the position taken by the majority.
 
 
 26
 In this Federal Tort Claims Act suit, plaintiff Milton A. Gilles alleges that doctors at a Veterans Administration hospital in Oklahoma City committed medical malpractice thereby causing him to sustain personal injuries. The trial judge dismissed the plaintiff's suit, holding that the action was time barred and that the plaintiff could not proceed against certain of the named defendants.
 
 
 27
 Before the plaintiff filed this suit he submitted an administrative claim to the Veterans Administration as required by the Federal Tort Claims Act (FTCA). The Veterans Administration denied the plaintiff's claim on August 23, 1985. Pursuant to the FTCA, 28 U.S.C. Sec. 2401(b), the plaintiff was required to bring his medical malpractice suit within six months of the date of denial of his claim, or by February 24, 1986. The plaintiff filed a timely complaint on February 14, 1986. The service of this complaint, however, did not comply with Fed.R.Civ.P. 4(d)(4) which requires that the complaint and summons be personally delivered to "the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney ...."
 
 
 28
 The plaintiff urges that Fed.R.Civ.P. 4(d)(4)'s requirement of personal service on a United States Attorney or designee is "archaic" and a "throw-back." We note, however, that when Congress amended Fed.R.Civ.P. 4 in March of 1987, the personal service requirement of Fed.R.Civ.P. 4(d)(4) was left intact. It is not within our province to re-amend the Rule by deleting the personal service provision. The Ninth Circuit has held in Whale v. United States, 792 F.2d 951, 953 (quoting Borzeka v. Heckler, 739 F.2d 444, 447 (9th Cir.)), that
 
 
 29
 "failure to comply with Rule [4(d)'s] personal service requirement does not require dismissal of the complaint if (a) the party that had to be served personally received actual notice, (b) the defendant would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for the failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed."
 
 
 30
 In the present case there is no justifiable excuse advanced for the plaintiff's failure to perfect service of process. Indeed, an Assistant United States Attorney contacted plaintiff's counsel in February of 1986 to inform him that service upon the United States Attorney by mail was defective in this action brought against the United States. When plaintiff's counsel was so advised, he had more than two months in which to cure the service defect before the 120-day period for service provided by Fed.R.Civ.P. 4(j) had run. Nevertheless, plaintiff's counsel did not cure the service defect. Accordingly, dismissal of the action commenced by the complaint of February 14, 1986 was appropriate.
 
 
 31
 On May 15, 1986, the plaintiff filed a pleading entitled "First Amended Complaint." Although this complaint was so styled, it did not in any other way refer to the original complaint nor recite that it was an amendment. It added new parties. Since the statute of limitations had run on the plaintiff's FTCA suit on February 24, 1986, the complaint of May 15, 1986 which reads as a new independent complaint was filed out of time and was therefore time barred.
 
 
 32
 The plaintiff urges that the second complaint relates back to the date of filing of the timely first complaint under Fed.R.Civ.P. 15(c). I cannot agree. "An amended pleading that is complete in itself and neither refers to nor adopts any portion of the prior pleading supersedes the latter." 3 J. Moore & J. Lucas, Moore's Federal Practice p 15.08 (2d ed. 1988). Thus, when the plaintiff filed his second complaint he commenced a new action and with additional parties defendant. Since this new action was not timely under 28 U.S.C. Sec. 2401(b), the trial court was without jurisdiction to adjudicate the plaintiff's claims.
 
 
 33
 The majority seems to assume at the outset of its analysis that the second complaint is "an amended complaint." When this is done the doctrine as to "amended complaints" follows as a matter of course, and no further discussion is needed. Thus the reference in the majority opinion to "Catch 22" is based on such an assumption. Plaintiff could file a new complaint "as a matter of right." The second complaint with the new parties and no reference whatever to the original complaint reads and apparently was an attempt to start anew. The most the majority can say is that it is similar to the original complaint. A reading of each, in my view, leads to the conclusion reached by the trial court and I would affirm.
 
 
 
 [1]
 We assume the district court intended to cite 28 U.S.C. Sec. 2679(a)
 
 
 [2]
 The status of the two physicians named as defendants is unclear. The two complaints identified Karen Friday, M.D., as an employee of the VA hospital. The amended complaint named Friday and Dwight Reynolds, M.D., as defendants who negligently caused injury to Gilles in their individual capacity and as employees, servants or agents of the VA
 The only pleading filed by the Government, its motion to dismiss, states that "the two physicians were acting within the scope of their authority as employees and are entitled to immunity afforded by 38 U.S.C. Sec. 4116(a)." I R. Item 8, Government's Motion to Dismiss at 6, p 2. In response to the motion to dismiss, Gilles stated that subsequent inquiries revealed that Friday and Reynolds "are not employees of the United States or the Veterans Administration, but are instead independent contractors providing cardiac care to VA patients as individual physicians, and/or under a teaching contract with the University of Oklahoma ..." I R. Item 9, Plaintiff's Response to Defendants' Motion to Dismiss and Brief in Support Thereof at 6.
 At the proceeding on the motion to dismiss, the Government attorney stated: "[I]t is our contention they [Friday and Reynolds] are agents of the United States, therefore should not be sued individually." II R. at 3. At this hearing Gilles again informed the court about the independent contractor status of the two physicians. He also asked to amend for the second time so as to properly name them as defendants in this capacity.
 
 
 [3]
 We note again that at the hearing on the motion to dismiss, the Assistant U.S. Attorney stated: "Service was properly perfected of the Amended Complaint in late May." II R. at 2
 
 
 [4]
 The gravamen of the original and amended complaints and the five causes of action stated therein are parallel and stated in the same order. In both, Gilles alleges that Veterans Administration (VA) Hospital, through its agents and employees, willfully, recklessly, negligently, and incompetently treated him for a heart disorder. All acts committed by the hospital's medical staff arose from Gilles' initial visit to the hospital on September 21, 1981, and the appointments commencing on September 22
 Gilles claims that in the course of treatment, the VA failed to properly diagnose his condition for approximately one year and a half; failed to properly treat him for a period of over three years and nine months because of misdiagnosis; failed to provide treatment by competent and appropriate physicians and cardiac specialists; and subjected him as a guinea pig to dangerous and unnecessary electrophysiology procedures. The five causes of action in both the original and amended complaints address the same specific acts as subunits of the Gilles' diagnostic and treatment history as a VA patient. The two complaints differ only in that the amended complaint provides more detail about the specific events and it identifies more physician-actors, including the two named as defendants.