**Ana MARTIN, Plaintiff,**

v.

**Jose SALVATIERRA, individually; Nelson Figueroa, individually; Miami–Dade County, a political subdivision of the State of Florida, Defendants.**

**No. 05–21174–CIV–JORDAN.**

United States District Court,
S.D. Florida,
Miami Division.

Sept. 19, 2005.

Hugh L. Koerner, Fort Lauderdale, FL, for Plaintiff.

Craig Edward Leen, Dade County Attorney's Office, Miami, FL, for Defendants.

### ORDER

JORDAN, District Judge.

Defendants Jose Salvatierra and Nelson Figueroa move to quash service of process by Ana Martin because (1) Ms. Martin's process server left the summons and complaint at Officer Salvatierra's place of employment, which is not permitted under federal or state law, and (2) the attempted service of the original complaint is deficient because the complaint has been superseded by an amended complaint. For the reasons set forth below, the motions by Officers Salvatierra and Figueroa [D.E. 11, 16] are GRANTED, and Ms. Martin's motion for an extension of time to serve the officers [D.E. 29] is also GRANTED.

Pursuant to Federal Rule of Civil Procedure 4(e), service of process upon an individual may be effected either (1) pursuant to the law of the state in which the district court is located or in which service is effected, or (2) by delivering a copy of the summons and complaint to the individual personally or by leaving copies at that individual's place of abode with some person of suitable age and discretion residing at that residence, or to an authorized agent. Under Florida law, the "usual place of abode" means the place where the defendant is actually living at the time of service. *See Shurman v. Atlantic Mortgage & Inv. Corp.,* 795 So.2d 952, 954 (Fla.2001) (citations omitted). Statutes governing service of process are to be strictly construed to insure that a defendant receives notice of the proceedings; the burden of proving the validity of service of process is on the plaintiff. *See Anthony v. Gary J. Rotella & Assocs., P.A.,* 906 So.2d 1205, 1207 (Fla.Dist.Ct.App.2005) (citation omitted).

First, Officer Salvatierra contends that he has not been personally served in this case. Rather, Ms. Martin's process server attempted to serve him by leaving the sum-

mons and complaint with an individual at Officer Salvatierra's place of employment. Officer Salvatierra states in his declaration that he never authorized anyone at his place of employment to accept service of process on his behalf, and he authorized an individual at his place of employment to sign only for receipt of a subpoena. *See* Declaration of Jose Salvatierra at ¶ 2 [D.E. 11].

As the burden rests with Ms. Martin to establish that service of process was valid, she has not shown under Florida law that the attempted service of process at Officer Salvatierra's place of employment—where he states he did not authorize service of process—is valid. Although service of process on police officers may be difficult, as Ms. Martin asserts, she must still properly serve each defendant. Accordingly, I find that Ms. Martin has not properly served Officer Salvatierra.

■ Second, both Officers Salvatierra and Figueroa contend that Ms. Martin's service of the original complaint is deficient because the original complaint had been superseded by an amended complaint at the time of service. I agree with the officers that Ms. Martin must effectuate service of her amended complaint and not her original complaint. *See Gellert v. Richardson,* No. 95–256–CIV–ORL–19, 1996 WL 107550, at *2 (M.D.Fla. 1996) (citing *Gilles v. United States,* 906 F.2d 1386, 1390 (10th Cir.1990)) (where an amended pleading supersedes the original complaint, subsequent service of the superseded prior or original pleading is improper). Therefore, Ms. Martin's service of the original complaint on Officers Salvatierra and Figueroa is invalid.

Accordingly, the motions by Officers Salvatierra and Figueroa [D.E. 11, 16] to quash service are GRANTED. Ms. Martin's motion for an extension of time to serve the officers [D.E. 29], however, is also GRANTED. Ms. Martin shall have until October 28, 2005, to effectuate service of process of the amended complaint to Officers Salvatierra and Figueroa.