**F I L E D**

**UNITED STATES COURT OF APPEALS**

**October 19, 2005**

**FOR THE TENTH CIRCUIT**

LINDA SHAUB, and other persons
similarly situated; VERA WALKER,

  Plaintiffs - Appellants,

v.

NEWTON WALL COMPANY/UCAC,

  Defendant - Appellee,

  and

JON RAINBOLT, individually and in
his official capacity as supervisor,

  Defendant.

No. 04-6349
(D.C. No. 03-CV-1281-HE)
(W.D. Okla.)

**ORDER AND JUDGMENT** *

Before **EBEL**, **HARTZ**, and **McCONNELL**, Circuit Judges.

  After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

  *  This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This appeal challenges a district court's jury instructions in an age-discrimination case. Plaintiffs Linda Shaub and Vera Walker argue that the district court erred in failing to instruct the jury on hostile work environment, retaliation, and "pattern and practice" theories. They also challenge the denial of their co-workers' failed motion to intervene; but they have failed to explain how that denial prejudiced them, so we need not address the issue. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

## I. BACKGROUND

Plaintiffs worked for appellee Newton Wall Company/UCAC, a business that buys and resells salvaged merchandise, until they were fired by Newton's general manager, Jon Rainbolt. They sued under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634. They alleged that Rainbolt fabricated misconduct and job-performance issues, "began harassing [Shaub] to force her resignation" when she was a "crew chief," made "several references" that Plaintiffs were unable "to follow directions because of [their] age," demanded that they work at the Shawnee distribution center, "retaliated against . . . Shaub" by giving her three misconduct notices and then firing her, and "retaliated against . . . Walker by terminating her without giving any reason," all

as part of a "pattern and practice to replace [them] and other women over 40 with younger women under 40." Aplt. App. at 29-30 (second amended complaint).

In the pretrial report and their proposed jury instructions, Plaintiffs asserted hostile-work-environment and retaliation theories. Newton objected, arguing that Plaintiffs had pleaded only wrongful termination, and that hostile work environment could not be the basis of a viable claim under the ADEA. At the September 27, 2004, pretrial conference, the district court agreed:

> There is also suggestion of a hostile work environment claim, which in my view is also not raised here. It wasn't raised by the complaint. It's not altogether clear that it's even available in an age case. And in any event, I'm satisfied from the summary judgment briefs and supporting information that even if it was potentially available here, that there's no factual basis for it simply because the nature of the allegations from the plaintiffs, even if true, don't rise to the status of being severe or pervasive conduct as would support a hostile work environment claim.
> It also appears to me that retaliation is not involved here, at least as a separate claim. I don't think the complaint raised it, and obviously some of the evidence that might be available in a retaliation claim would come in on . . . the issue that does remain with respect to the wrongful termination based on age claim. But as a separate theory, or separate claim, I do not view a retaliation claim as being present here.

Aplt. App. at 184.

Also, in the pretrial report Plaintiffs asserted that "Rainbolt made unfounded and unwarranted allegations of misconduct against [them] as part of Rainbolt's pattern and practice to replace [them] with . . . women under forty."

Aplt. App. at 101-02. But the district court did not permit this assertion to expand their wrongful-termination claim:

> [T]o the extent that the plaintiffs are attempting to assert some alternate or additional theory of recovery, they don't have one with the pattern or practice stuff. But it does seem to me that pattern or practice evidence may potentially be admissible as bearing on . . . whether or not the stated reasons given for the terminations were pretext.

Aplt. App. at 185.

During the jury-instruction conference after the close of evidence, Plaintiffs apparently objected to the district court's proposed ADEA instruction. The instruction tracked 29 U.S.C. § 623(a)(1)'s pronouncement that it is unlawful for an employer "to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." Aplt. App. at 169. Plaintiffs had earlier submitted an ADEA instruction that incorporated not only subsection (a)(1), but also subsection (a)(2), which states that it is unlawful for an employer "to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age." The limited transcript provided by Plaintiffs on appeal does not reveal, however, any expression of concern about the court's omission of subsection (a)(2). Rather, the transcript indicates only that they wanted the court's instruction to

reflect that subsection (a)(1)'s "otherwise discriminate" language encompassed their "position that [Shaub] was demoted and transferred as part of [Rainbolt's] actions that ended up in the termination." Aplt. App. at 255. Newton opposed modifying the court's ADEA instruction to include demotion and transfer theories, arguing that those theories had never been part of the case. The district court agreed:

> [T]he language in the pretrial order, both in the description of the respective cases and preliminary statement and in the contentions of the plaintiff[s] both focus on the termination. And I don't know that I see a basis in the pretrial order for extending the question here to something beyond termination.

Aplt. App. at 258.

On September 29, 2004, the jury returned a verdict in Newton's favor. The district court entered judgment accordingly. Plaintiffs appealed.

## II. ANALYSIS

### A. Hostile Work Environment

Plaintiffs argue that the district court abused its discretion in rejecting their hostile-work-environment jury instruction. Specifically, they challenge the district court's ruling during the pretrial conference that a claim for hostile work environment was not within the lawsuit's scope. We agree with the district court.

Federal Rule of Civil Procedure 16(c)(1) authorizes a district court to "take appropriate action" during the pretrial conference "with respect to . . . the

-5-

formulation and simplification of the issues, including the elimination of frivolous claims or defenses." The pretrial order, which recites the action taken at the conference, "measures the dimensions of the lawsuit," *Hullman v. Bd. of Trustees of Pratt Cmty. Coll.*, 950 F.2d 665, 668 (10th Cir. 1991) (internal quotation marks omitted), and "control[s] the subsequent course of the action unless modified by a subsequent order," Fed. R. Civ. P. 16(e). In *Wilson v. Muckala*, 303 F.3d 1207, 1215-16 (10th Cir. 2002), we stated that claims or defenses not contained in the pleadings should normally not appear for the first time in the pretrial order because "[s]uch a practice deprives one's adversary of fair notice, possibly discovery, and the opportunity for motion practice, and is subject to abuse by those who employ a sporting theory of justice." Consequently, when a district court confronts such claims or defenses, it must "consider whether to approve or deny what is obviously an attempt to amend the pleadings at a rather late date." *Id.* at 1216.

Plaintiffs' age-discrimination claim does not mention "hostile work environment." Although the complaint alleged that Newton "allowed Rainbolt to create an intimidating, hostile and offensive environment," Aplt. App. at 34, that allegation was contained in their state-law claim for negligent hiring and retention, and was not incorporated into their age-discrimination claim. Their "First Cause of Action" for "Age Discrimination" incorporated only the

allegations "heretofore made," Aplt. App. at 30, and did not incorporate allegations subsequently made, such as those in the "Fifth Cause of Action" for "Negligent Hiring and Retention," Aplt. App. at 34. Nor does their age-discrimination claim include facts sufficient to give Newton notice that such a theory was intended. *See* Fed. R. Civ. P. 8(a) (requiring that a claim for relief contain "a short and plain statement . . . showing that the pleader is entitled to relief"). There are no allegations suggesting that Plaintiffs worked in an environment "permeated with discriminatory intimidation, ridicule, and insult" so severe or pervasive that it altered their employment conditions and created an abusive working environment, *MacKenzie v. City & County of Denver*, 414 F.3d 1266, 1280 (10th Cir. 2005). As noted by the Eleventh Circuit, "the liberal construction accorded a pleading . . . does not require courts to fabricate a claim that a plaintiff has not spelled out in his pleadings." *Maniccia v. Brown*, 171 F.3d 1364, 1367 n.1 (11th Cir. 1999). We reject Plaintiffs' contention that their inclusion of a hostile-work environment claim in the pretrial report gave Newton "sufficient notice," Aplt. Opening Br. at 13. The pretrial report was filed two months after the deadlines for discovery and motions to amend. *See Wilson*, 303 F.3d at 1215-16 (discouraging the inclusion of claims for the first time in a pretrial order because such a practice "deprives one's adversary of fair notice, possibly discovery, and the opportunity for motion practice").

But we need not rest our decision on that ground alone. The district court discerned no factual basis for a hostile-work-environment claim based on the parties' summary-judgment materials. As Plaintiffs have not included those materials in the appellate record, we must accept the district court's analysis as correct, *Scott v. Hern*, 216 F.3d 897, 912 (10th Cir. 2000) ("Where the record is insufficient to permit review we must affirm."). To the extent that Plaintiffs cite evidence adduced at trial as supporting their hostile-work-environment jury instruction, we make two observations. First, the district court's ruling excluding a hostile-work-environment theory from the case during the pretrial conference was not, and obviously could not have been, based on evidence subsequently offered at trial. Second, Plaintiffs do not cite any part of the record showing that they objected during trial to the omission of their instruction or that an objection would have been futile because the district court had already "made a definitive ruling on the record rejecting" their instruction, Fed. R. Civ. P. 51(d)(1)(B).

## B. Retaliation

Plaintiffs next contend that the district court abused its discretion in not instructing the jury on their retaliation theory. Specifically, they challenge the district court's ruling that the theory was neither pleaded nor substantively sound. Although we are not convinced that the district court made a dual ruling concerning the retaliation theory, we accept their representation that during the

pretrial conference the district "court ruled that [Plaintiffs] not only failed to raise the claim of 'retaliation' in their pleadings, but found no factual basis for the claim." Aplt. Br. at 17.

To establish a prima facie case of retaliation, a plaintiff must demonstrate that she engaged in an activity protected by the ADEA, such as opposing or complaining about age discrimination by the employer, and suffered an adverse consequence due to her participation in that activity. *MacKenzie*, 414 F.3d at 1278-79 (citing 29 U.S.C. § 623(d)). But to plead such a claim, a plaintiff need only "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (internal quotation marks omitted).

Plaintiffs point to a variety of allegations scattered throughout the initial complaint, first amended complaint, and second amended complaint that mention "retaliation." We are concerned, however, only with the age-discrimination claim contained in the second amended complaint. *See Gilles v. United States*, 906 F.2d 1386, 1389 (10th Cir. 1990) (amended pleading supersedes the pleading it modifies). There, they alleged that "Rainbolt retaliated against . . . Shaub with three (3) EMPLOYEE WARNING NOTICE's alleging misconduct," "Rainbolt further retaliated and terminated . . . Shaub," and "Rainbolt retaliated against . . . Walker by terminating her without giving any reason." Aplt. App. at 29-30.

These allegations fall short of stating a proper retaliation claim because they fail to allege protected conduct for which Plaintiffs suffered retaliation.

In any event, even if the pleading was adequate, the evidence was not. "[A] party is entitled to an instruction on his theory of the case if the instruction is a correct statement of the law and if he has offered sufficient evidence for the jury to find in his favor." *F.D.I.C. v. Schuchmann*, 235 F.3d 1217, 1222 (10th Cir. 2000) (internal quotation marks omitted). But "[i]t is error to give an instruction on a theory which does not have sufficient evidence in the record to support its submission to the jury." *Hinds v. General Motors Corp.*, 988 F.2d 1039, 1046 (10th Cir. 1993).

Initially, we note that Plaintiffs point to no part of the record showing that they objected at trial to the omission of their retaliation instruction. *See* 10th Cir. R. 28.2(C)(3)(b) (brief must cite to the precise reference in the record where a required objection was made to a refusal to give a jury instruction). Nor do they suggest that their lack of objection should be excused as futile because of the district court's ruling excluding retaliation from the pretrial order. *See* Fed. R. Civ. P. 51(d) (failure to object to a jury instruction's omission results in plain-error review "unless the [district] court made a definitive ruling on the record rejecting the request[ed instruction]"). Nevertheless, we assume, without

deciding, that the district court's pretrial ruling excluding a retaliation claim carried over into trial.

Plaintiffs cite the following trial evidence as supporting their retaliation theory: (1) Rainbolt transferred Shaub after she complained about (a) a male supervisor "going in the back with [a] younger girl," Aplt. App. at 206, (b) young female employees "standing around talking" to that supervisor, while the older female employees were working, *id.*, and (c) young female employees violating Newton's dress code; and (2) Rainbolt terminated Walker after she complained about young female employees violating the dress code and not working. But Plaintiffs point to no evidence that they expressed a concern about disparate treatment or otherwise engaged in protected opposition to discrimination. Rather, their complaints concern Rainbolt's failure to correct younger employees' dress code violations and poor work ethic. Plaintiffs distort Walker's testimony when they state that she was terminated after complaining about Rainbolt's preferential treatment of young female employees. Walker testified that she complained about "some ladies wearing inappropriate clothing" and that Rainbolt told her and co-worker Freda Lewis, "[Y]ou two are always starting something. . . . [I]f you don't quit it, . . . next time I'm going to fire you." Aplt. App. at 252. Plaintiffs also distort Lewis's trial testimony when they state that Rainbolt threatened to fire Lewis if she complained about Rainbolt's promoting "young girls over the older

-11-

ladies," Aplt. Opening Br. at 18. Ms. Lewis simply testified that Rainbolt stated, "[I]f you and [Walker] say any more about the dress code or complain I will fire you," Aplt. App. at 221, and that Rainbolt responded to her promotion inquiries by stating, "I'll make the [promotion] decision, the one that I think is the best," and "I'll promote who I want to promote," *id.* at 220.

Thus, Plaintiffs have not pointed to evidence that they suffered adverse action in response to *protected* activity. Their retaliation theory was properly withheld from the jury. *See Petersen v. Utah Dep't of Corr.*, 301 F.3d 1182, 1188-89 (10th Cir. 2002); *Pope v. ESA Services, Inc.*, 406 F.3d 1001, 1010 (8th Cir. 2005) (in Title VII retaliation case, employee's comments about the absence of black managers did not constitute protected activity because employee failed to attribute the absence of managers to racial discrimination); *Trammel v. Simmons First Bank of Searcy*, 345 F.3d 611, 615 (8th Cir. 2003) (ADEA plaintiff's letter-writing campaign accusing employer of improper loan procedures was not protected activity because the letters were not written to oppose age discrimination); *Freilich v. Upper Chesapeake Health, Inc.*, 313 F.3d 205, 216-17 (4th Cir. 2002) (physician's ADA retaliation claim failed because her opposition to her employer's treatment of dialysis patients was based on violations of state medical malpractice law and not the ADA); *Barber v. CSX Distribution Servs.*, 68 F.3d 694, 701 (3d Cir. 1995) (employee's ADEA retaliation claim failed because

employee's criticism of employer's selection of a less qualified, younger applicant for a job, without specifically complaining about age discrimination, did not constitute protected conduct).

## C. "Pattern & Practice"

Plaintiffs argue that the district court erred in not instructing the jury on 29 U.S.C. § 623(a)(2), which makes it unlawful for an employer "to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age." They argue that an instruction based on the statute was necessary "because the court allowed statistical evidence of [Newton's] pattern and practice" of "discrimination against older women." Aplt. Opening Br. at 21. Newton counters that the district court properly limited the pattern-and-practice theory to the termination issue under 29 U.S.C. § 623(a)(1).

We need not delve too deeply into this issue, given that Plaintiffs' objection at trial appears to have involved the language to be used when instructing the jury on 29 U.S.C. § 623(a)(1), rather than § 623(a)(2). "When considering a party's challenge to jury instructions, our initial inquiry is whether the party properly preserved that issue for appeal by objecting at the district court level to the instruction on the same grounds raised on appeal." *Reed v. Landstar*

*Ligon, Inc.*, 314 F.3d 447, 452 (10th Cir. 2002) (internal quotation marks omitted). The limited transcript of the jury trial conference offered by Plaintiffs contains no "obvious, plain, or unmistakable" reference to subsection (a)(2), *id.* (internal quotation marks omitted); *see also* Fed. R. Civ. P. 51(c)(1) ("[a] party who objects to an instruction or the failure to give an instruction must do so on the record, stating distinctly the matter objected to and the grounds of the objection"); 10th Cir. Rule 10.1(A) ("appellant must provide all portions of the transcript necessary to give the court a complete and accurate record of the proceedings related to the issues on appeal"); 10th Cir. Rule 10.3(B) (designation of an inadequate record may preclude an issue's consideration). Consequently, we review for plain error the district court's failure to instruct the jury on subsection (a)(2). Fed. R. Civ. P. 51(d)(2).

"We will reverse under the plain error standard only in exceptional circumstances where the error was patently plainly erroneous and prejudicial." *Reed*, 314 F.3d at 453 (internal quotation marks omitted). The "statistical evidence" referred to by Plaintiffs consisted solely of a stipulation that in 2002 Rainbolt had fired ten workers over the age of 40 and ten under 40, and in 2003 had fired five workers over the age of 40 and nine under 40. Because Rainbolt had fired more workers under 40 than older workers during the 2002-2003 time period, the "statistics" are hardly probative of discrimination, at least in the

absence of evidence showing how many older workers remained employed at Newton.  We therefore fail to understand Plaintiffs' contention that the "statistical evidence" justified an instruction under subsection (a)(2).   The district court did not plainly err in instructing the jury under only 29 U.S.C. § 623(a)(1).

### III. Conclusion

As the district court did not commit reversible error in declining to give Plaintiffs' requested instructions regarding hostile work environment, retaliation, and "pattern and practice," the judgment of the district court is AFFIRMED.

Entered for the Court


Harris L Hartz
Circuit Judge