**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 8 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

VERN W. SORENSON;
OLIVENE C. SORENSON,

        Plaintiffs-Appellants,

v.

PAUL H. O'NEILL, Lienor, Office
of the Secretary of the United States
Treasury,

        Defendant-Appellee.

No. 02-4217
(D.C. No. 2:02-CV-293-DB)
(D. Utah)

**ORDER AND JUDGMENT** *

Before **KELLY** , **ANDERSON** , and **O'BRIEN** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Vern W. and Olivene C. Sorenson, appearing pro se, appeal from the denial of their "Petition to Vacate a Void Judgment and Petition to Remand Case Back to State Jurisdiction," which the district court construed as a motion for reconsideration under Federal Rule of Civil Procedure 60(b). Because we conclude that the district court did not abuse its discretion in denying the motion, we affirm.

Petitioners sought, in Utah state court, to "cancel" federal tax liens filed against them through filing what they called an "in rem" action naming the liens, the Secretary of the Treasury, and two other Treasury Department employees as defendants. In the complaint, the Sorensons accused the Treasury employees of filing fraudulent liens for unpaid income taxes. The case was properly removed to federal court pursuant to 28 U.S.C. § 1442, where the United States was substituted for the employee-defendants. The court dismissed the case for lack of subject matter jurisdiction because the Sorensons had not complied with the requirement that they either (1) timely challenge the imposition of the income tax underlying the lien by appealing to the Tax Court or (2) pay the outstanding taxes and file for a refund with the Internal Revenue Service before filing suit to challenge the taxes. *See Guthrie v. Sawyer*, 970 F.2d 733, 735 (10th Cir. 1992). The court denied their motion to reconsider.

The Sorensons did not file a notice of appeal in time to challenge the merits of the district court's dismissal. Fed. R. App. P. 4(a)(4)(B)(ii); *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). But their notice of appeal was sufficient to appeal from the court's denial of their Rule 60(b) motion. *See* Fed. R. App. P. 4(a)(1)(B). An appeal from a denial of a motion for reconsideration filed more than ten days after entry of judgment "raises for review only the district court's order of denial and not the underlying judgment itself." *Van Skiver*, 952 F.2d at 1243.

Petitioners allege that they are not subject to federal tax laws, assert that the United States Attorney has no authority to represent defendants, and challenge the district court's subject matter jurisdiction on different grounds and its refusal to remand their case to state court, which they claim has exclusive subject matter jurisdiction over this case. We need not waste judicial resources explaining once again why the Sorensons are subject to federal tax laws, just like everyone else who lives in the United States. *See Lonsdale v. United States*, 919 F.2d 1440, 1447-48 & n.4 (10th Cir. 1990); *Crain v. Comm'r*, 737 F.2d 1417, 1417-18 (5th Cir. 1984). Nor need we explain why the U.S. Attorney's office has both the authority and the duty to represent the United States and its employees in suits challenging the imposition and collection of tax revenues.

Petitioners' assertion that the district court was required to remand the case to state court is plainly without merit. Under the Anti-Injunction Act, 26 U.S.C. § 7421(a), no court, including the Utah state court, had subject matter jurisdiction to entertain a challenge to the federal tax liens at issue under these circumstances. *See Lonsdale*, 919 F.2d at 1442-44. Petitioners simply refuse to accept that, because they failed to challenge the tax assessments by following the statutory procedures, they cannot now seek judicial relief to restrain enforcement of the liens.

The district court's judgment is AFFIRMED; the "Petition for Declaratory Relief" is DENIED. The mandate shall issue forthwith.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge