**F I L E D**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JILL COIT,

      Plaintiff-Appellant,

  v.

ARISTEDES ZAVARAS; MIKE
WILLIAMS; WAYNE MAIDEN;
JASON GARDNER; TIMME
PEARSON; DENNIS NIX; SHERRY
HALL; KELLY BLACK; C. KELLY;
JUDY LEE; JUANITA NOVAK;
JERRY ROMANSKI; JILL NIELSON;
JEFF KLEINHOLTZ; JOSEPH
SMITH; GREG OWENS; JAMES
ABBOTT,

      Defendants-Appellees.

No. 05-1045
(D.C. No. 98-F-2031 (OES))
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **McCONNELL**, Circuit Judges.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-Appellant Jill Coit, a Colorado state prisoner, sued defendants, who are mostly prison employees at the Colorado Women's Correctional Facility (CWCF) located in Canon City, Colorado, under 42 U.S.C. § 1983 for Constitutional violations. Her amended complaint asserted (1) violations of her First Amendment rights of freedom of religion and access to the courts (2) violations of her Eighth Amendment right to be free from cruel and unusual punishment due to prison employees' (a) harassment, discrimination, and retaliation; (b) deliberate indifference to her serious medical needs; and (c) sexual assaults and failure to protect her from those assaults.

In orders dated May 28, 2003, and December 13, 2004, the district court adopted recommendations of the magistrate judge and dismissed all of Ms. Coit's claims on various grounds, including but not limited to her failure to exhaust her administrative remedies as to some claims under 42 U.S.C. § 1997e(a), the frivolous nature of some claims under 28 U.S.C. § 1915(e)(2)(B), and mootness.

We review the district court's grant of summary judgment de novo and the record is reviewed in the light most favorable Ms. Coit. *Neal v. Lewis*, 414 F.3d 1244, 1247 (10th Cir. 2005). "Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Id.* Because Ms. Coit is proceeding pro se, we construe her pleadings liberally, as the district court was also required to do. *Id.*

-2-

Following these standards we have reviewed the record on appeal and the parties' materials and determined that with one exception, the rulings in the appealed from orders should be affirmed for substantially the reasons set forth therein. The sole exception is the district court's dismissal of Ms. Coit's claim that defendants Juanita Novak (assistant warden of CWCF), Mike Williams (superintendent of CWCF), Wayne Maiden (officer at CWCF) and Aristedes Zavaras (Director of the Colorado Department of Corrections (CDOC)) failed to protect her from sexual assault by defendant Joseph Smith.[1]

"Prison officials are required to provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety." *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998).

> [I]n a claim that officials failed to prevent harm, an inmate must show, first, she is incarcerated under conditions posing a substantial risk of serious harm, and, second, that officials had a sufficiently culpable state of mind. Thus, the deliberate indifference standard in a prison-conditions case is a subjective and not an objective requirement. That is, a prison official is liable only if the official

---

[1] References to the "defendants" from this point on will be to these four defendants. In the district court Ms. Coit alleged that defendants had also ignored her claims that she had been sexually assaulted by another guard and that a female officer inappropriately touched her during "pat downs." On appeal, Ms. Coit limits her failure to protect argument to defendants' alleged failings regarding defendant Smith's predations. Our treatment of this issue is therefore likewise limited. *Phillips v. Calhoun*, 956 F.2d 949, 950 n.2 (10th Cir. 1992) (holding issues not properly presented on appeal will not be considered).

> knows of and disregards an excessive risk to inmate health and safety. It is not enough to establish that the official should have known of the risk of harm.

*Gonzales v. Martinez*, 403 F.3d 1179, 1186 (10th Cir. 2005) (quotations and citations omitted). "[W]e have expressly acknowledged that an inmate has a constitutional right to be secure in her bodily integrity and free from attack by prison guards," *Barney*, 143 F.3d at 1310 (quotation omitted), and "a plaintiff's uncontroverted claim of deprivations resulting from sexual assault are sufficiently serious to constitute a violation under the Eighth Amendment," *Gonzales*, 403 F.3d at 1186 (quotations omitted). "[W]e have pointed out [that], 'cases involving constitutional or civil rights frequently are unsuitable for summary judgment because a necessary element of the claim for relief presents an inquiry into the state of mind of one or more of the parties.'" *Norton v. City of Marietta*, 432 F.3d 1145, 1152 (10th Cir. 2005) (quoting *Seamons v. Snow*, 206 F.3d 1021, 1028 n.2 (10th Cir. 2000)).

In her verified amended complaint, Ms. Coit alleged that "Defendants subjected [her] to ongoing sexual abuses and harassment by failing to immediately remove [her] from the ong[o]ing sexual and other abuses or otherwise take measures to protect her or properly investigate after receiving actual notice of sexual assaults, abuse and harassment against [her]." R., Doc. 162 at 38. She alleged that she reported Smith's attacks and abuses to the

defendants "and anyone else that would listen in hopes of getting this stopped," but that "their only response was retaliatory actions by [Smith] and his peers and CWCF Staff." *Id.* at 41. She alleged that she was sexually abused by Smith for a year and a half and that no significant action was taken until "an African American [prison] officer took an interest in an African American inmate being sexual[ly] harassed by Defendant Joseph Smith." *Id.* at 38.

In their motion for summary judgment, the defendants set forth certain facts, drawn solely from a sworn statement from Ms. Coit and her verified amended complaint, that were undisputed for summary judgment purposes. Defendants did not dispute that Ms. Coit had been sexually assaulted by defendant Smith or that she reported these assaults to the defendants, including meeting with Ms. Novak "five or six times" and with Mr. Williams "about six times." *Id.*, Doc. 386 at 19. It was also undisputed that when Ms. Coit reported the assaults to a Major Bohm he took her out of the kitchen where she had been working with Smith and made her his clerk. Finally, it was undisputed that the CDOC eventually conducted an investigation and Mr. Smith was removed from CWCF.

Defendants argued that the above facts showed "that [Ms. Coit's] accusations of sexual assault were investigated and acted upon, with the result that [Ms. Coit] is no longer being subject[ed] to any form of sexual harassment"

and that these facts therefore "negate[d] any claim that these Defendants were deliberately indifferent to her personal safety." *Id.* at 21.

In recommending that Ms. Coit's claim against the defendants be dismissed, the magistrate judge found that "[t]he current state of the record [does] not support an Eighth Amendment deliberate indifference claim" because "[e]ven conceding the fact that these defendants knew that [Ms. Coit] was at risk from Smith . . . , the response of the defendants, namely to remove [Smith] from the facility, is plainly reasonable in the circumstances." *Id.*, Doc. 424 at 21.

Objecting to the magistrate judge's recommendation, Ms. Coit again argued that the defendants' deliberate indifference to her plight was shown by the fact that no investigation of Smith was undertaken until a guard reported Smith's abuse of a different inmate, a year and a half after she first complained. She argued that "Summary Judgment in favor of defendants should not be granted[;] there is a very real material fact that is disputed mainly the time factor that defenda[n]ts claim they took action to [Ms. Coit's] reporting of rape." R., Doc. 435 at 6.

In its order adopting the recommendation, the district court noted that "[t]he question then is whether the response of the defendants was timely and reasonable in light of plaintiff's complaints." *Id.*, Doc. 436 at 11. The court then found that the amended complaint "g[a]ve no timeframe as to when plaintiff

complained of the acts of physical abuse detailed in her Fifth Claim" and that the court, therefore, "ha[d] no basis to compare the timing of defendant's responses to the time of plaintiff's complaints." *Id.* Nevertheless, the court proceeded to dismiss Ms. Coit's claim on the ground that the fact that Smith was eventually removed precluded a finding of deliberate indifference. In so holding, the district court committed error by improperly shifting the burden of production to Ms. Coit.

When a party that would not have the ultimate burden of persuasion at trial on an issue, moves for summary judgment as to that issue, it has "both the initial burden of production on a motion for summary judgment and the burden of establishing that summary judgment is appropriate as a matter of law." *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 979 (10th Cir. 2002). "The moving party may carry its initial burden either by producing affirmative evidence negating an essential element of the nonmoving party's claim, or by showing that the nonmoving party does not have enough evidence to carry its burden of persuasion at trial." *Id.* If the moving party carries its initial burden, the nonmoving party must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial or summary judgment is mandated. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

> If a moving party fails to carry its initial burden of production,[however,] the nonmoving party has no obligation to

produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial. In such a case, the nonmoving party may defeat the motion for summary judgment without producing anything.

*Trainor*, 318 F.3d at 979 (quoting *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102-03 (9th Cir. 2000)).

Here, the defendants' motion did not negate Ms. Coit's claim of deliberate indifference as found by the district court. The motion showed only that (1) Major Bohm took action to protect Ms. Coit, and (2) eventually Smith was caught and removed from the CWCF. Neither of these necessarily forecloses the possibility that defendants were deliberately indifferent to Ms. Coit's plight.[2]

While the defendants' motion did argue that "[n]o proof exists that any Defendant failed to act in response to a threat to Ms. Coit's safety," R., Doc. 386 at 20, the defendants must make more than a simple conclusory assertion that Ms. Coit does not have enough evidence to carry her burden of persuasion at trial, otherwise summary judgment "would be converted into a tool for harassment." *Windon Third Oil & Gas Drilling P'ship v. FDIC*, 805 F.2d 342, 345 n. 7

---

[2] For example, Ms. Coit's alleges on appeal that she only worked as Major Bohm's clerk for a month until she was placed in segregation for thirty days for a disciplinary infraction. She alleges that Smith had access to her and continued to assault her while she was in segregation and while she worked in the prison library, where she was sent after segregation, and that the abuse continued for another year until the defendants were forced into action by the involvement of a prison guard. These allegations are not inconsistent with the uncontroverted facts relied upon by defendants' motion for summary judgment.

(10th Cir.1986) (quotation omitted).  In short, the undisputed facts presented by defendants in their summary judgment motion did not show that they were entitled to judgment as a matter of law.

Consequently, we REVERSE the dismissal of Ms. Coit's claim that defendants Novak, Williams, Maiden and Zavaras were deliberately indifferent to her safety in regards to Smith's sexual assaults, and remand to the district court for further proceedings on this claim.  We AFFIRM the remainder of the district court's judgment and orders of May 28, 2003, and December 13, 2004, for substantially the reasons set forth in those orders.

Entered for the Court


Monroe G. McKay
Circuit Judge