**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 14, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JAMES W. DENMAN, SR.,

      Plaintiff-Appellant,

  v

RODNEY JOHNSON, Sheriff of
Grand County; GLEN TRAINOR,
Undersheriff of Grand County;
GRANT THOMAS, Jail administrator
of Grand County Jail; JERRY
SCHOECH, Grant County Sheriff's
Dept. Deputy; THE MUNICIPALITY
OF GRAND COUNTY, COLORADO,

      Defendants-Appellees.

No. 05-1485
(D.C. No. 03-N-74 (OES))
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Pro se plaintiff, James W. Denman, Sr., a former state prisoner,[1] appeals from an order of the district court granting defendants' motion for summary judgment and dismissing with prejudice his complaint under 42 U.S.C. § 1983. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Mr. Denman's suit claimed that the individual defendants violated his constitutional rights while he was a pretrial detainee at the Grand County Jail. Specifically, he alleged unlawful arrest, inhumane conditions of confinement, deprivation of necessary medical treatment, physical abuse, taunting and harassment, improper commitment to a state mental facility, denial of procedural due process on several occasions, and improper deprivation of his property. As to Grand County, he alleged a "pattern of routine denial of civil rights . . . knowingly and deliberately perpetrated against inmates and pretrial detainees alike." Aplt. App., Vol. I, Doc. 3, at 2a. In addition to compensatory and punitive damages, he sought declaratory and injunctive relief.

Defendants moved for summary judgment. After reviewing Mr. Denman's response, a magistrate judge issued a comprehensive and well-documented 49-page recommendation to grant defendants' motion for summary judgment and dismiss the complaint. The recommendation discussed in detail the facts concerning each claim and correctly applied the law. After conducting a de novo

---

[1] At the time Mr. Denman filed his complaint, he was serving his sentence as a prisoner in Canon City, Colorado. His notice of appeal, however, provides an address in St. Petersburg, Florida.

review, the district court accepted the recommendation and entered an order granting defendants' motion for summary judgment and dismissing the complaint with prejudice.

We review the grant of summary judgment de novo and examine the record in the light most favorable to Mr. Denman. *Neal v. Lewis*, 414 F.3d 1244, 1247 (10th Cir. 2005). Because he proceeds pro se, we construe his filings liberally. *Id.*

For substantially the reasons set forth by the magistrate judge in his recommendation of March 31, 2005, and by the district court in its order of October 28, 2005, we **AFFIRM** the grant of summary judgment and the dismissal of the complaint with prejudice because there was no constitutional violation.

Entered for the Court

Harris L. Hartz
Circuit Judge