UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

JILL COIT,

        Plaintiff-Appellant.

v.

ARISTEDES ZAVARAS; MIKE
WILLIAMS; WAYNE MAIDEN;
JUANITA NOVAK,

        Defendants-Appellees.

No. 07-1370
(D.C. No. 98-cv-2031-LTB-MEH)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before **BRISCOE**, **PORFILIO**, and **BALDOCK**, Circuit Judges.

Plaintiff Jill Coit appeals from the district court's order for summary judgment in favor of the defendants that dismissed, as time barred, the only remaining claim in her suit under 42 U.S.C. § 1983. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Ms. Coit, a Colorado state prisoner, filed suit on September 21, 1998. Her amended complaint, filed February 2, 2000, alleged for the first time that she had been sexually assaulted by a prison employee, Joseph Smith, between June 1995 and December 1996, and despite her reports of the attacks, the defendants, Aristedes Zavaras, Mike Williams, Wayne Maiden, and Juanita Novak, failed to protect her from further assaults. Defendants filed motions to dismiss and for summary judgment, which were granted by the district court. On appeal, we affirmed the court's orders with the exception of Ms. Coit's claim of deliberate indifference, and remanded the case for further proceedings. *Coit v. Zavaras*, No. 05-1045, 2006 WL 895309 (10th Cir. Apr. 7, 2006).

On remand, the defendants filed a renewed motion for summary judgment in which they argued that Ms. Coit's deliberate indifference claim was barred by the statute of limitations. In a thorough and well-reasoned recommendation, the magistrate judge held that the claim was time barred. Over Ms. Coit's objection, the district court entered an order adopting the recommendation and entered an order dismissing the amended complaint with prejudice.

"We review the district court's grant of summary judgment de novo, applying the same legal standard used by the district court." *Hutchinson v. Pfeil*, 105 F.3d 562, 564 (10th Cir. 1997). It is equally well established that

> [a] defendant may use a motion for summary judgment to test an
> affirmative defense which entitles that party to a judgment as a

matter of law.  The defendant making such a motion must demonstrate that no disputed material fact exists regarding the affirmative defense asserted.  If the defendant meets this initial burden, the plaintiff must then demonstrate with specificity the existence of a disputed material fact.  If the plaintiff fails to make such a showing, the affirmative defense bars his claim, and the defendant is then entitled to summary judgment as a matter of law.

*Id.* at 564 (citations omitted).

"Limitations periods in § 1983 suits are to be determined by reference to the appropriate state statute of limitations and the coordinate tolling rules[.]  We have made clear that the statute of limitations for § 1983 actions brought in Colorado is two years from the time the cause of action accrued.  A § 1983 action accrues when facts that would support a cause of action are or should be apparent."  *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (citations and quotation marks omitted).

Ms. Coit's opening brief does not address the statute of limitations; instead, the first mention of the issue is in her reply brief in which she claims that her original complaint contained allegations of Mr. Smith's abuse and the defendants' failure to protect her, but those pages were removed by prison officials.  She appears also to argue that the deliberate indifference claim in the amended complaint is saved by the doctrines of equitable tolling and relation back.  Ordinarily, "we do not review issues raised for the first time in a reply brief," *Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000), because, among other things,

it denies the appellee "the opportunity to demonstrate that the record does not support an appellant's factual assertions and to present an analysis of the pertinent legal precedent that may compel a contrary result." *Id.* However, because both Ms. Coit and the defendants addressed these arguments in the district court, we exercise our discretion to review them on appeal.

According to Ms. Coit, she reported Mr. Smith's assaults to the defendants when they began in June 1995, and she continued to do so through December 1996, when he was transferred to another facility. Thus, her cause of action accrued at the latest in December 1996, and she had until December 1998, to file suit. *Fogle*, 435 F.3d at 1258. Although the original complaint, filed September 21, 1998, includes claims arising from assaults during 1997, by a different prison employee, it contains no mention of Mr. Smith whatsoever. Thus, unsurprisingly, likewise it contains no allegations of any reports of such misconduct to any of the defendants. In fact, the first mention of Mr. Smith and the defendants' alleged failure to protect appears in a motion to amend the complaint, filed in October 1999, which was denied on procedural grounds. Eventually, a proper amended complaint was filed February 2, 2000.

There is no merit to Ms. Coit's first argument that the pages concerning Mr. Smith and the defendants' concomitant failure to protect were removed from the original complaint. In his written recommendation, the magistrate judge

thoroughly reviewed the original complaint, including its pagination, paragraph numbering, caption, and request for relief, and determined that no pages were missing. Further, various court orders issued prior to February 2000, discussed the claims contained in the original complaint, and Ms. Coit never voiced any concern that her claim of deliberate indifference had been overlooked.

We also agree with the magistrate judge that the deliberate indifference claim in Ms. Coit's amended complaint does not relate back to filing of the original complaint on September 21, 1998. "An amendment to a pleading relates back to the date of the original pleading when[,]" among other things, "the amendment asserts a claim or defense that arose out of the conduct, transaction or occurrence set out – or attempted to be set out – in the original pleading[.]" Fed. R. Civ. P. 15(c)(1)(B) (formerly Fed. R. Civ. P. 15(c)(2)). "We review de novo the district court's application of Rule 15(c) to undisputed facts, a purely legal interpretation." *Garrett v. Fleming*, 362 F.3d 692, 695 (10th Cir. 2004) (quotation marks omitted). A comparison of the deliberate indifference claim in the amended complaint reveals that it bears no relation to the claims, either "set out – or attempted to be set out –," Fed. R. Civ. P. 15(c)(1)(B), in the original complaint. The original complaint contains allegations regarding a different prison employee at a different time. Because the claim in the amended complaint is not "grounded on the same nucleus of operative facts," *Gilles v. United States*,

906 F.2d 1386, 1390 (10th Cir. 1990), as the original complaint, it does not "ar[i]se out of the same conduct, transaction, or occurrence[.]" *Id*. (quotation marks omitted).

Last, we agree that equitable tolling does not apply. "We review the district court's refusal to apply equitable tolling for an abuse of discretion," applying "Colorado's equitable tolling rules[.]" *Garrett*, 362 F.3d at 697. Under Colorado law, "an equitable tolling of a statute of limitations is limited to situations in which either the defendant has wrongfully impeded the plaintiff's ability to bring the claim or truly extraordinary circumstances prevented the plaintiff from filing his or her claim despite diligent efforts." *Dean Witter Reynolds, Inc. v. Hartman*, 911 P.2d 1094, 1099 (Colo. 1996). "Once the statute of limitations is raised as an affirmative defense, the burden shifts to the plaintiff to show that the statute has been tolled." *Garrett v. Arrowhead Improvement Ass'n*, 826 P.2d 850, 855 (Colo. 1992). Ms. Coit offers nothing to prove that the doctrine should apply other than a reprise of the argument that the defendants removed the pages of her original complaint, which we previously rejected as lacking merit.

We GRANT Ms. Coit's motion to file her reply brief out of time. The judgment of the district court is AFFIRMED.

-6-

Entered for the Court


Mary Beck Briscoe
Circuit Judge