**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 2, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

LENNY DEAN LOWRY,

        Plaintiff-Appellant,

v.

R. HONEYCUTT, I & I,
Hutchinson Correctional Facility
and LOUIS E. BRUCE, Warden,
Hutchinson Correctional Facility,

        Defendants-Appellees.

No. 06-3136

(D. Kansas)

(D.C. No. 05-CV-3430-SAC)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.[**]

---

    Lenny Dean Lowry, an inmate in the Hutchinson Correctional Facility in

Hutchinson, Kansas who is proceeding pro se, appeals the district court's decision

---

    [*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 (eff. Dec. 1, 2006) and 10th Cir. R. 32.1 (eff. Jan. 1, 2007).

    [**]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See FED. R. APP. P. 34(A)(2); 10TH CIR. R. 34.1(G). The case is therefore ordered submitted without oral argument.

dismissing his 42 U.S.C. § 1983 action sua sponte for failure to state a claim pursuant to 42 U.S.C. § 1997e(c)(1). We affirm the district court's decision.

# I. BACKGROUND

Mr. Lowry's claims arise out of a disciplinary proceeding in which prison officials concluded that he violated Kan. Admin. Reg. § 44-12-314, which provides that "[n]o inmate shall commit or induce others to commit an act of . . . sodomy, even with the consent of both parties." The regulation defines sodomy as any of the following:

> (A) Oral contact with or oral penetration of the female genitalia or oral contact with the male genitalia;
> (B) anal penetration, however slight, of a male or female by any body part or object; or
> (C) oral or anal copulation or sexual intercourse between a person and an animal.

Id. § 44-12-314(c)(2). Because Mr. Lowry is proceeding *pro se*, we construe his filings liberally and examine the record in the light most favorable to him. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Neal v. Lewis, 414 F.3d 1244, 1247 (10th Cir. 2005).

The record indicates that on April 26, 2005, a prison official observed Mr. Lowry and another inmate engaged in sexual activity: the other inmate had "his erect penis pressed up against inmate Lowry['s] rectum area." Rec. doc. 1 attach. (Disciplinary Report: Hutchinson Correctional facility - Central Unit, Case No.

05-05-053; dated May 5, 2005). According to Mr. Lowry's complaint, the two men were engaging in "what I consider horseplay which had some sexual content." Id. at 2; see also id. at 3 (stating that "I did fondle [the other inmate] but we were more hors[]ing around than anything").

Mr. Lowry told the prison official that no intercourse had taken place, that the behavior was consensual, and that he did not want to undergo a rape exam. Prison officials nonetheless took him to the prison clinic and administered an examination, which revealed no evidence of intercourse. Again under protest, officials took Mr. Lowry to a hospital emergency room, where he underwent a formal rape kit examination. During the examination, Mr. Lowry alleged, the defendant Officer Honeycutt laughed and joked and helped a nurse take pictures of Mr. Lowry's rectum and penis.

This second examination also revealed no evidence of intercourse. However, prison officials convicted Mr. Lowry of violating Kan. Admin. Reg. § 44-12-314, finding that he had admitted to being engaged in sexual activity. The prison hearing officer ordered Mr. Lowry to pay restitution totaling $672.18—the fees for the emergency room visit, the rape kit test, and the overtime wages spent conducting the investigation.

Mr. Lowry then filed this § 1983 action against Officer Honeycutt and Louis I. Bruce, the Warden of the Hutchinson Correctional Facility. He alleged violations of the Eighth and Fourteenth Amendments. According to Mr. Lowry,

because his sexual encounter with the other inmate was consensual and because no penetration occurred, there was insufficient evidence to support his disciplinary conviction for violating Kan. Admin. Reg. § 44-12-314. Additionally, he asserted, Officer Honeycutt had falsely stated that Mr. Lowry had admitted to being the victim of a sexual assault. Finally, he alleged, Officer Honeycutt's laughing and joking during the examination at the hospital was "the most degrading, humiliating, and debasing experience I've ever had to endure." Rec. doc. 1, at 3.

The district court dismissed Mr. Lowry's complaint for failure to state a claim. The court reasoned that Mr. Lowry had "attache[d] unwarranted significance to the fact that the physical exam produced no evidence of assault. That fact alone did not preclude the hearing officer's finding of guilty of prohibited sexual activity, particularly given that plaintiff was observed by a guard engaging in such activity and another guard reported he had admitted sexual activity." Rec. doc 4, at 8. (Memorandum and Order, filed March 22, 2006). "Nor," the court continued, "does [Mr. Lowry] present authority indicating the negative test result precluded prison officials from charging him for a medical exam deemed necessary by prison officials." Id.

## II. DISCUSSION

We review de novo the district court's dismissal of Mr. Lowry's complaint for failure to state a claim pursuant to 42 U.S.C. § 1997e(c)(1). See Perkins v. Kan. Dept. of Corr., 165 F.3d 803, 806 (10th Cir. 1999). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he alleged and it would be futile to give him an opportunity to amend." Id. "In determining whether dismissal is proper, we must accept the allegations of the complaint as true and . . . construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." Id.

Here, construing Mr. Lowry's allegations liberally, we read his complaint as asserting claims for (1) the denial of his due process rights on the grounds that there was not "some evidence" to support the imposition of disciplinary sanctions for a violation of Kan. Admin. Reg. § 44-12-314, see Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455 (1985); (2) the denial of a Fourteenth Amendment right to refuse medical treatment; (3) the denial of his Eighth Amendment right to be free from cruel and unusual punishment; and (4) the denial of his right to equal protection under the Fourteenth Amendment. Upon review of the record, we agree with the district court that Mr. Lowry's complaint does not state a cause of action as to any of these claims.

First, as to his due process claim based on a lack of evidence to support the disciplinary conviction, we note that prison disciplinary convictions must be supported by "some evidence." Hill, 472 U.S. at 455. In applying this standard, we are not required to undertake "[an] examination of the entire record, [an] independent assessment of the credibility of witnesses or weighing of the evidence." Mitchell v. Maynard, 80 F.3d 1433, 1445 (10th Cir. 1996) (internal quotation marks omitted). "Instead, the relevant conclusion is whether there is any evidence that could support the conclusion reached by the disciplinary board." Id. Even "meager" evidence may be sufficient. Id.

Here, the documents attached to Mr. Lowry's complaint indicate that a prison guard observed another inmate with his "his erect penis pressed up against inmate Lowry['s] rectum area." Rec. doc. 1 attach. In our view, despite Mr. Lowry's denials, that statement constitutes some evidence of a violation of Kan. Admin. Reg. § 44-12-314, which requires "anal penetration, however slight" Id. § 44-12-314(c)(2)(B). Id.

Second, as to the allegation that prison officials violated Mr. Lowry's right to refuse medical treatment by requiring him to submit to a rape examination at the hospital, we note that prison officials "may compel a prisoner to accept treatment when [they], in the exercise of professional judgment, deem it necessary to carry out valid medical or penological objectives." White v. Napoleon, 897 F.2d 103, 112 (3rd Cir. 1990). Moreover, "the judgment of prison authorities

will be presumed valid unless it is shown to be such a substantial departure from accepted professional judgment, practice or standards as to demonstrate that the person responsible actually did not base the decision on such judgment." Id. Here, in light of prison officials' legitimate concerns about the health risks of sexual assault and sexually transmitted diseases, Mr. Lowry's allegations do not indicate that requiring a rape examination was inconsistent with legitimate medical and penological objectives

Third, with regard to his Eighth Amendment claim, Mr. Lowry has failed to allege that he was subjected to the wanton and unnecessary infliction of pain or deliberate indifference to his health or safety. See Wilson v. Seiter, 501 U.S. 294, 297 (1991).

Fourth, as to his equal protection claim, Mr. Lowry has failed to allege facts sufficient to demonstrate that he was treated differently than other inmates and to "overcome a presumption of government rationality." Brown v. Zavaras, 63 F.3d 967, 971 (10th Cir. 1995).

### III. CONCLUSION

Accordingly, we AFFIRM the dismissal of Mr. Lowry's claims.

Entered for the Court,


Robert H. Henry
Circuit Judge