FILED
United States Court of Appeals
Tenth Circuit

February 26, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

STEVEN D. CUMMINGS,

    Plaintiff-Appellant,

v.

ELLSWORTH CORRECTIONAL
FACILITY; CORRECT CARE
SOLUTIONS; (FNU) KEEPKA, Doctor,
Ellsworth Correctional Facility;
SUSAN MEHLER, HSA, Ellsworth
Correctional Facility; ROGER
WERHOLTZ, Secretary of Corrections,

    Defendant-Appellees.

No. 12-3265
(D.C. No. 5:10-CV-03083-SAC)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Judge, **EBEL** and **TYMKOVICH**, Circuit Judges.

---

This case involves an appeal from a civil rights lawsuit brought by Steven

Cummings, an inmate in the custody of the Kansas Department of Corrections

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App.
P. 32.1 and 10th Cir. R. 32.1.

("KDOC"). Mr. Cummings filed a lawsuit pursuant to 42 U.S.C. § 1983 against the

Ellsworth Correctional Facility ("ECF"); Correct Care Solutions ("CCS"); Dr. Keepka, a

doctor at ECF; Susan Mehler, HSA at EFC; and Roger Werholtz, secretary of corrections

(collectively, "Defendants"). Mr. Cummings claims that Defendants violated his Eighth

Amendment and Fourteenth Amendment rights by forcing him to take medication for

tuberculosis ("TB") based on an alleged misdiagnosis of TB in 1993. The district court

dismissed the lawsuit under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

This Court AFFIRMS the dismissal of Mr. Cummings's complaint.[1]

## BACKGROUND

Mr. Cummings alleges the following: He tested positive for TB in 1993 while

incarcerated in ECF. Accordingly, he was prescribed medication for TB and threatened

with segregation if he declined to take the medication. But in 2008, while incarcerated at

another facility, Mr. Cummings tested negative for TB. He also tested negative for TB

on at least two subsequent occasions. Based on Mr. Cummings's understanding that once

one accurately tests positive for TB, one will always test positive for TB, he claims that

---

[1] On appeal, Mr. Cummings argues that he was denied due process because the district
court delayed acting on the case and failed to serve Defendants. Mr. Cummings further
argues that the district court improperly acted as an advocate for Defendants by ruling in
their favor when they had never answered the complaint. These arguments lack merit.
As discussed elsewhere in this Order, 28 U.S.C. § 1915A authorizes a court to conduct a
screening review of a prisoner's complaint in a civil action and to dismiss the complaint
if it fails to state a claim. See also 28 U.S.C. § 1915(e)(2)(B)(ii) (authorizing a court to
dismiss a complaint of a person proceeding IFP "at any time if the court determines that
. . . [it] fails to state claim on which relief may be granted").

2

the original positive TB test results were erroneous.  Further, he claims that he suffers health problems as a result of the side effects from the allegedly unnecessary medication.

Pursuant to 28 U.S.C. § 1915A, because this is an action "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the district court conducted an initial review to determine if the complaint was "frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief."  The district court determined that Mr. Cummings had not stated a valid claim against any named Defendant.  Accordingly, the court issued an order to show cause as to why the complaint should not be dismissed.  After reviewing Mr. Cummings's response, the district court dismissed the complaint for failure to state a claim.[2]  See 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b).  We affirm the dismissal of Mr. Cummings's complaint.

---

[2] The district court also concluded that all of Mr. Cummings's claims were time barred, and that even if they are not time barred, the correctional facility is not a proper defendant, Mr. Cummings did not allege any personal participation by Defendant Werholtz, and the complaint did not state a cognizable claim for relief against CCS because Mr. Cummings did not allege a deprivation of his constitutional rights pursuant to a CCS custom or policy.  Because this Court agrees that Mr. Cummings has failed to state a valid claim against any named Defendant, we do not consider these other issues.

## ANALYSIS

"We review de novo the district court's decision to dismiss an IFP complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim." Kay v. Bemis, 500 F.3d 1214, 1217 (10th Cir. 2007). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." Id. (internal quotation marks omitted). Moreover, "[i]n determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." Id. (internal quotation marks omitted). "[W]e must construe a pro se appellant's complaint liberally," but "[t]his liberal treatment is not without limits." Id. (internal quotation marks omitted).

"We apply the same standard of review for dismissals under § 1915(e)(2)(B)(ii) that we employ for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim." Id. Under this standard, "[w]hile a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. Thus, the complaint must provide "enough facts to state a claim to relief that is plausible on its

face." Id. at 570.  Thus, although "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers[,] . . . . [t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

I.    **Mr. Cummings Has Failed to State a Claim for a Violation of his Rights under the Eighth Amendment**

Mr. Cummings claims that Defendants violated his rights under the Eighth Amendment when they allegedly misdiagnosed him with TB and administered a TB medication that he claims has harmful side effects.  Specifically, his complaint refers to "the misdiagnosis and incorrect treatment in 1993," and states that he "was incarcerated at Ellsworth Correctional Facility during the events described in this complaint." Moreover, Mr. Cummings attaches to his complaint a copy of his grievance filing relating to the matter, which asserts that he "was forced to take a med. at Ellsworth for a year for something that [he] d[id]n't have. . . . The year was 1993."  Although Mr. Cumming claims that Defendants violated his Eighth Amendment rights in the diagnosis and treatment of TB at ECF in 1993, he indicates that he did not become aware of the alleged misdiagnosis and mistreatment until he tested negative for TB in 2008.

"[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain, proscribed by the Eighth Amendment." Callahan v. Poppell, 471 F.3d 1155, 1159 (10th Cir. 2006) (internal quotation marks

5

omitted).  "Deliberate indifference has objective and subjective components."  Id.  Under the objective prong, the harm suffered must be sufficiently serious.  See id.  Under the subjective prong, "the prisoner must show that the defendants knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it."  Id. (internal quotation marks omitted).  In other words, a prison official "must consciously disregard a substantial risk of serious harm."  Self v. Crum, 439 F.3d 1227, 1231 (10th Cir. 2006) (internal quotation marks omitted).

Under this standard, "inadvertent failure to provide adequate medical care is not enough, nor does a complaint that a physician has been negligent in diagnosing or treating a medical condition . . . state a valid claim of medical mistreatment under the Eighth Amendment."  Id.  Instead, "the [prison] official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Id.  Accordingly, "the negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation."  Id. at 1233.  Indeed, "[s]o long as a medical professional provides a level of care consistent with the symptoms presented by the inmate, absent evidence of actual knowledge or recklessness, the requisite state of mind cannot be met."  Id.

Although Mr. Cummings has met the objective test by alleging a sufficiently serious harm, his complaint fails to state a claim for a violation of his Eighth Amendment rights against the Defendants because he has not alleged any facts that would satisfy the

6

subjective component of the test. Accepting fully the allegations in Mr. Cummings's complaint, Mr. Cummings does not allege or put forth facts indicating that any Defendant knowingly or recklessly misdiagnosed him. Moreover, Mr. Cummings does not allege that any Defendants were involved in administering TB medication with the knowledge that he had been misdiagnosed with TB. Instead, Mr. Cummings claims that, in 1993, he tested positive for TB and Defendants administered mandatory TB medication. Such allegations do not support the notion that any Defendant acted with deliberate indifference to Mr. Cummings's medical needs.

Indeed, Mr. Cummings alleges that it was not until 2008 that he received a negative TB test and concluded that the diagnosis in 1993 was incorrect. Since that time, his complaint does not state that he received any further treatment for TB from any of the named Defendants in this action. Further, his pleadings indicate that following his negative TB tests in 2008, he no longer resided at ECF.[3] And as discussed above, his

---

[3] Specifically, he alleges that, after being released from ECF, he was taken into custody for a parole violation and received negative TB tests at a county jail and at Norton Correctional Facility. And his complaint reports that he currently resides at the Hutchinson Correctional Facility. Moreover, Plaintiff attached to his complaint a copy of a grievance form that Plaintiff filed in 2008, which further indicates that he did not reside at or receive further treatment at ECF after the negative TB tests in 2008. Specifically, Plaintiff received the following response to his grievance filing: "This alleged incident happened in 1993. You were released on parole from E.C.F. on 11/15/04 at which time your medical records would have been sent to the central repository and then forwarded to NCF [Norton Correctional Facility] when you returned on your parole violation."

complaint clearly limits his claim to treatment for TB he received while he resided at ECF.

Nonetheless, the district court noted that in Mr. Cummings's response to the order to show cause, Mr. Cummings "arguably suggests that he continues to be subjected to periodic TB treatment shots notwithstanding the negative 2008 test results." Although an allegation that Defendants administered mandatory TB medication with the knowledge that Mr. Cummings had tested negative for TB might indicate deliberate indifference, Mr. Cummings never alleges that the defendants named in this action became aware of the negative test results and subsequently insisted on administering TB medication. Indeed, as discussed above, the facts alleged in his complaint indicate that he was not subject to any treatment for TB at ECF by the named Defendants after the testing that occurred in 2008. Thus, Mr. Cummings has not alleged facts that would support his claim of deliberate indifference under the Eighth Amendment, and based on the allegations contained in the complaint, it would be futile to give Mr. Cummings an opportunity to amend.

II. **Mr. Cummings Has Failed to State a Claim for a Violation of his Rights under the Fourteenth Amendment**

In his complaint, Mr. Cummings also brought a claim under the Fourteenth Amendment. In particular, he claimed that Defendants had violated his liberty interest in rejecting unwanted medical treatment.

"[T]he proper standard for determining the validity of a prison regulation claimed to infringe on an inmate's constitutional rights is to ask whether the regulation is reasonably related to legitimate penological interests." Washington v. Harper, 494 U.S. 210, 223 (1990). Thus, "prison officials may compel a prisoner to accept treatment when [they], in the exercise of professional judgment, deem it necessary to carry out valid medical or penological objectives." Lowry v. Honeycutt, 211 F. App'x 709, 712 (10th Cir. 2007) (unpublished opinion). And this Court has noted that a "prison's interest in responding to the threat of . . . any contagious disease occurring in prison, is obviously strong." Dunn v. White, 880 F.2d 1188, 1195 (10th Cir. 1989); accord Washington, 494 U.S. at 243 (explaining that "the Due Process Clause permits the State to treat a prison inmate who has a serious mental illness with antipsychotic drugs against his will, if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest" (emphasis omitted)). Accordingly, Mr. Cummings has failed to state a claim for any violation of his rights under the Fourteenth Amendment based on Defendants requiring him to receive TB medication after he tested positive for TB.

## CONCLUSION

This Court AFFIRMS the district court's dismissal of Mr. Cummings's complaint for failure to state a claim. We also AFFIRM the district court's decision to allow Mr. Cummings to proceed on appeal without prepayment of fees and therefore order Mr. Cummings to continue making partial payments until the entire fee has been paid. But because we affirm the dismissal of Mr. Cummings's complaint for failure to state a claim,

we impose a "strike" against Mr. Cummings under the Prison Litigation Reform Act. 28 U.S.C. § 1915(g); see also Jennings v. Natrona Cnty. Det. Ctr. Med. Facility, 175 F.3d 775, 778 (10th Cir. 1999).

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge

10